OTIS CLARK *v.* THE STATE.

(*Nashville.* December Term, 1929.)

Opinion filed December 21, 1929.

W. A. SCHOOLFIELD, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error was indicted for that he "did unlawfully and knowingly use and display on one Marmon automobile one set of license tags issued by the State of Tennessee, through the office of the County Court Clerk of Hamilton County, for use only on a Ford automobile, against the peace and dignity of the State." He was found guilty, fined $25, and has appealed in error to this court.

We find no preponderance of evidence against the judgment below. The proof shows that plaintiff in error was a furniture dealer in Chattanooga; that he operated four automobiles; that one of these was a Marmon car, purchased on deferred payment plan, with title notes outstanding thereto. Plaintiff in error had a dispute with the owner of the title notes about the amount of interest charged on the notes, payments were not met, and a writ of replevin was sworn out by the holder of the notes to regain possession of the car. The plaintiff in error declined to tell the officer, who served the replevin writ, where the car was—said it was out on the street somewhere. The car was finally located, identified by the motor number, and bore a license tag issued for a Ford car.

Under our statutes, license charges are based on the horsepower of an automobile, and a license for a Marmon car costs more than a license for a Ford car.

Under chapter 149 of the Acts of 1919, the owner of any automobile is required to register such vehicle with the County Court Clerk, giving, among other things, the motor serial number, rate of horsepower, and make of the same. By section 17 of said Act the Highway Department, through the County Court Clerk, is required to furnish to the owner of said machine two number plates and "owners are required to use these number plates on their machines and no other State number plates shall be used." Similar provisions are found in chapter 73 of the Acts of 1917, chapter 8 of the Acts of 1915, and chapter 173 of the Acts of 1905.

The plaintiff in error testified that he sent one of his employees to the office of the County Court Clerk to buy license plates for four cars and intrusted the duty of affixing the license plates to his employees. He said that if the Ford license was put on the Marmon car, it was without his knowledge, and was a mistake of one of his employees. It was the contention of the State that the Ford license plate was purposely put on the Marmon car in an effort to conceal the Marmon car from the holder of the title notes thereupon. Plaintiff in error procured all four licenses about two months before the Marmon car was replevined. As stated above, he declined to assist the officer in locating the Marmon car.

Upon such facts, we think it was a question for the jury to say whether or not the Marmon car carried the Ford license with or without the knowledge of plaintiff in error. See *Neideiser* v. *State,* 65 Tenn. (6 Baxt.), 499. The case is quite similar to cases formerly coming before the

court involving the sale of whiskey on Sunday by the bartender or employees of the saloon keeper. His knowledge or ignorance of such sales was usually held to be a matter for the determination of the jury.

 A motion in arrest was made, one ground of which was that the indictment did not negative the possibility that a proper license was displayed on the car, in addition to the Ford license. This was not essential. The statute above quoted provides that "no other State number plates shall be used" on any automobile except those issued for such machine. Other number plates on the car would not have helped the plaintiff in error. The law was violated when the car went out bearing the Ford number plates.

Some other defects in the indictment are suggested but they are plainly cured by the verdict based upon evidence introduced.

The judgment below is affirmed.